TO BE PUBLISHED

$\mathfrak{Supreme\ Court\ of\ Kentucky}$ FINAL

2008-SC-000743-KB

DATE 1/5/09 Kelly Klaber O.C.

KENTUCKY BAR ASSOCIATION

MOVANT

V.                    IN SUPREME COURT

JENNIFER SUE WHITLOCK                    RESPONDENT

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended that Jennifer Sue Whitlock, who was admitted to the practice of law in October 1998 and whose bar roster address is 1401 Winchester Avenue, Suite 526, Ashland, Kentucky 40353, be suspended from the practice of law for thirty days. We agree with the Board's recommendation.

In July 2007, Whitlock worked for attorney Robert Caummisar in Grayson, Kentucky. During that month, Whitlock met with Michelle Garrett, who had made an appointment with the firm's receptionist to speak to an attorney about filing bankruptcy. Whitlock and Garrett agreed on a fee of $1,100; and Garrett paid $800 at that time, issuing a check payable to Whitlock. Garrett later brought some supporting documents to Whitlock's firm.

Whitlock personally endorsed the $800 check but did not file the bankruptcy petition for Garrett. Whitlock also did not return any of the $800

to Garrett. Garrett said that she called and wrote Whitlock but received no response. Nevertheless, Garrett sent the remaining $300 of the $1,100 fee to Caummisar since Whitlock worked for him. That $300 check has, apparently, not been cashed.

In November 2007, Caummisar's staff informed Garrett that Whitlock no longer worked there and provided her with a printout from the KBA's website containing Whitlock's bar roster address. Garrett was also given Whitlock's cellular telephone number, but Whitlock failed to return Garrett's calls.

In January 2008, Garrett signed a bar complaint against Whitlock. Whitlock eventually responded to the bar complaint. In her response, Whitlock admitted meeting Garrett but claimed that she sent a notice to all of her clients, including Garrett, when she changed offices. She also claimed that she sent a letter to Garrett asking her to let her (Whitlock) know when she was ready to sign the bankruptcy petition but received no response. She also claimed to have left phone messages for Garrett, to which Garrett did not respond. Whitlock also claimed that a receptionist at Caummisar's firm had advised her that the staff at that firm had been advised not to give out Whitlock's new contact information. Whitlock also submitted an affidavit from that former employee to that effect, although that affidavit purported to be from an assistant Carter County Attorney, not a receptionist. Whitlock also attached a copy of a KBA change of address form, dated October 17, 2007.

Garrett submitted a reply to Whitlock's response in which she largely denied that Whitlock had called her before filing of the bar complaint or had

2

sent her any change of address notification or letter. Bar counsel forwarded Garrett's reply to Whitlock and asked Whitlock for additional information and supporting documents, but Whitlock did not respond.

In May 2008, the Inquiry Commission issued a five-count charge against Whitlock. Count I charged Whitlock with violating Supreme Court Rule (SCR) 3.130(1.3) (requiring a lawyer to "act with reasonable diligence and promptness in representing a client"). Count II charged Whitlock with violating SCR 3.130(1.4)(a) (requiring a lawyer to "keep a client reasonably informed about the status of a matter"). Count III charged Whitlock with violating SCR 3.130(1.16)(d) (requiring a lawyer to take reasonable steps to protect a client's interest upon termination of representation). Count IV charged Whitlock with violating SCR 3.130(3.3)(a) (requiring an attorney to refrain from knowingly making a false statement of fact to a tribunal).[1] Finally, Count V charged Whitlock with violating SCR 3.130(8.1)(b) (forbidding a lawyer from knowingly failing to respond to a lawful demand for information from a disciplinary authority). Whitlock filed a belated response, asserting that she suffered from an eating disorder, depression, and had recently undergone surgery.

The Board voted thirteen to zero (with one recusal) to find Whitlock not guilty of Count IV (making a false statement to a tribunal). But the Board also voted thirteen to zero (with one recusal) to find Whitlock guilty of Counts I, II,

---

[1] The gravamen of this charge was the misidentification of the former receptionist at Caummisar's firm as an assistant county attorney in the affidavit.

3

III, and V. Then, by a vote of twelve to one, the Board found that Whitlock should be suspended from the practice of law for thirty days, with additional monitoring and reimbursement requirements. One Board member voted for a sixty-day suspension, thirty days of which was to be probated.

Whitlock has not filed a notice of review under SCR 3.370(8), nor do we elect to review the decision of the Board under SCR 3.370(9), meaning that the decision of the Board is hereby adopted under SCR 3.370(10).

Although not mentioned by the parties, we are aware that this case is at least somewhat akin factually to <u>Kentucky Bar Association v. Unnamed Attorney</u>,[2] a case in which we imposed only a private reprimand on an attorney who, like Whitlock, left his firm without adequately notifying his clients. However, because <u>Unnamed Attorney</u> is distinguishable from this case in several respects, we have concluded that Whitlock's misconduct merits a more severe penalty. First, the KBA was unable to reach a conclusion on the guilt of the unnamed attorney in that case and, thus, had not recommended a sanction,[3] whereas, the KBA unanimously found Whitlock guilty of four counts of professional misconduct and has recommended a proposed sanction. Second, unlike Whitlock, the attorney in the <u>Unnamed Attorney</u> case did not have the benefit of our decision carefully setting forth the types of steps an attorney should take upon leaving a firm. Third, the attorney in <u>Unnamed</u>

---

[2] 205 S.W.3d 204 (Ky. 2006).

[3] *Id.* at 204.

4

Attorney was leaving the practice of law altogether,[4] unlike Whitlock's mere change of firms. Fourth, though Whitlock and the attorney in <u>Unnamed Attorney</u> had each received a private reprimand in the past, Whitlock's private reprimand was issued just months ago (for misconduct similar to that evidenced in the case at hand), whereas, the unnamed attorney's private reprimand had occurred several years before the issuance of our opinion.[5] Next, the attorney in <u>Unnamed Attorney</u> was only found guilty of one count of violating SCR 3.130(1.16)(d),[6] whereas, Whitlock was found guilty on a total of four counts of misconduct. Finally, Whitlock herself has not filed a notice of review contending that her penalty is disproportionately harsh, which we construe to mean that she does not contest the KBA's proposed sanction.

ACCORDINGLY, the Court ORDERS:

1)    Jennifer Sue Whitlock is suspended from the practice of law for thirty days from the date of this opinion and order;

2)    In accordance with SCR 3.450, Whitlock is directed to pay all costs associated with these disciplinary proceedings, said sum being $254.99, for which execution may issue from this Court upon finality of this Opinion and Order;

3)    If she has not already done so, Whitlock shall immediately refund to Garrett $800 (plus interest at the legal interest rate stated in KRS 360.010,

---

[4]    *Id.* at 208.

[5]    *Id.* at 210.

[6]    *Id.*

calculated from the date the bar complaint was filed) and shall also return Garrett's documents and safe deposit box keys;

4) Whitlock shall attend the Bar Counsel's remedial ethics program within one year of the date of this opinion and order. Whitlock shall pass any examination given at the end of the program. Whitlock will not apply for CLE credit of any kind for her attendance at that remedial ethics program and is required to furnish a release and waiver to the Office of Bar Counsel to review her records in the CLE department that might otherwise be confidential, with such release to continue in effect for one year after completion of the remedial education, in order to allow the Office of Bar Counsel to verify that she has not reported any hours to the CLE Commission that are taken as remedial education;

5) Whitlock shall submit to mental health-related supervision, as approved by the Kentucky Bar Association's Lawyer Assistance Program, and such supervision shall continue to the extent and duration as deemed necessary and appropriate by KYLAP; and

6) If Whitlock fails to comply with any of the terms of discipline as set forth herein, upon motion of the Office of Bar Counsel the Court may impose other discipline in this matter.

All sitting. All concur.

ENTERED: December 18, 2008.

_____

CHIEF JUSTICE

6