**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Jennifer Sue WHITLOCK, Respondent.**

No. 2008–SC–000936–KB.

Supreme Court of Kentucky.

March 19, 2009.

## OPINION AND ORDER

The Board of Governors for the Kentucky Bar Association (KBA), has recommended that Respondent, Jennifer Sue Whitlock, KBA Member No. 87562, with a last known bar roster address of 1401 Winchester Avenue, Suite 526, Ashland, Kentucky 40353, be suspended from the practice of law for one hundred and eighty-one (181) days, for multiple counts of misconduct. This Opinion addresses KBA file numbers 16368 and 16446. We agree with the Board's rulings and adopt its recommendations.

### File No. 16368

■ On August 14, 2007, Respondent met with Margie Hubicsak to represent her in a bankruptcy proceeding. Respondent agreed to represent Ms. Hubicsak, who paid Respondent a total of $1,300.00 for her services from August 14 to September 19. After Ms. Hubicsak paid in full, she did not hear from Respondent for several months. Ms. Hubicsak then called Respondent's office only to learn that Respondent no longer worked there. Over the next two months, Ms. Hubicsak left Respondent multiple messages on her cell phone but received no response. Finally, Respondent contacted Ms. Hubicsak on February 1, 2008, and told her that she was still waiting on a court date to be assigned. Ms. Hubicsak did not believe Respondent and contacted another lawyer for assistance, whereupon it was discovered that Respondent had not even filed the bankruptcy petition. Thereafter, Ms. Hubicsak filed a complaint.

Respondent received the Bar Complaint on May 6, 2008. She received a reminder letter on June 2, 2008. Respondent did not file a response to the Complaint.

■ On September 10, 2008, the Inquiry Commission issued a four-count charge against Respondent. Count I charged Respondent with violating SCR 3.130–1.3 (requiring a lawyer to "act with reasonable diligence and promptness in representing a client"). Count II charged Respondent with violating SCR 3.130–1.4(a) (requiring a lawyer to "keep a client reasonably informed about the status of a matter"). Count III charged Respondent with violating SCR 3.130–1.16(d) (requiring a lawyer to take reasonable steps to protect a client's interests upon termination of representation). Lastly, Count IV charged Respondent with violating SCR 3.130–8.1(b) (forbidding a lawyer from knowingly failing to respond to a lawful demand for information from a disciplinary authority). Respondent signed the mail receipt for the charge on September 26, 2008. Respondent failed to answer the charge.

Because no answer was filed, the matter went to the Board of Governors as a default case, pursuant to SCR 3.210(1). The Board voted sixteen (16) to zero (0) to find Respondent guilty on all four (4) counts of the charge.

### File No. 16446

■ Melissa Fields and her husband hired Respondent in August 2007 to represent them in filing for bankruptcy. Respondent was paid a total of $1,300.00 for representation of Mr. and Mrs. Fields.

Mr. and Mrs. Fields gathered all the paperwork that Respondent required of them and completed their credit counseling in September 2007. However, they did not hear from Respondent until December 2007, at which time Respondent informed them that she was having computer trouble and had been unable to file the bankruptcy petition. The petition was finally filed in January 2008 and Respondent in-

formed the Fields of their court date on February 15, 2008. When Mrs. Fields arrived on February 15, 2008, Respondent informed her that the court date had been postponed because the proper paperwork had not been filed. What Respondent failed to mention was that the missing paperwork was the Attorney Fee Disclosure. The Fields case was dismissed in late February 2008 because Respondent failed to file the Attorney Fee Disclosure. Respondent did not inform the Fields' of the dismissal, and did not respond to repeated attempts by the Fields to contact her. Thereafter, Mr. and Mrs. Fields filed a complaint.

On May 23, 2008, Respondent personally signed the return receipt for the Bar Complaint. A reminder letter was mailed to Respondent on June 20, 2008. Respondent did not file a response to the Complaint.

On August 13, 2008, the Inquiry Commission filed, issued, and mailed a five-count charge against Respondent. Four (4) of the five (5) charges are identical to the charges issued in KBA file No. 16368, *supra*, pertaining to violations of SCR 3.130–1.3, 3.130–1.4(a), 3.130–1.16(d), and 3.140–8.1(b). In addition to those four (4) charges, Respondent was charged with violating SCR 3.130–1.1 (requiring an attorney provide competent representation to a client). The charge was returned on September 2, 2008, marked "unclaimed". Ultimately, Respondent was personally served by the Boyd County Sheriffs Office on September 15, 2008. Respondent failed to answer the charge.

Once again, because no answer was filed, the matter went to the Board of Governors as a default case, pursuant to SCR 3.210(1). The Board voted sixteen (16) to zero (0) to find Respondent guilty on all five (5) counts of the charge.

## CONCLUSION

█ The preceding files involve the same patterns of conduct and both resulted in analogous findings and charges, with case No. 16446 adding an additional charge for failure to provide competent representation. We note that Respondent has once already been suspended from the practice of law for this very same behavior. *Kentucky Bar Association v. Jennifer Sue Whitlock*, 275 S.W.3d 179 (Ky.2008).

Here, Respondent failed to file an answer to the charges, resulting in both cases being classified as default cases. The Board of Governors came to unanimous decisions in both cases. Neither party filed notice, pursuant to SCR 3.370(8), for this Court to review the Board's decision, nor do we elect to review the decision of the Board pursuant to SCR 3.370(9). Therefore, we adopt the decision of the Board pursuant to SCR 3.370(10).

ACCORDINGLY, the Court ORDERS:

1) Respondent, Jennifer Sue Whitlock, is adjudged guilty on all counts and hereby is suspended from the practice of law for one hundred and eighty-one (181) days from the date of this Opinion and Order;

2) Pursuant to SCR 3.390, Respondent shall notify all courts in which she has matters pending of her suspension from the practice of law, and notify all clients in writing of her inability to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten (10) days of the date of this order. Respondent shall simultaneously provide a copy of all such letters to the Kentucky Bar Association. Furthermore, to the extent possible and necessary, Respondent shall immediately cancel and cease any advertising activities in which she is engaged.

3) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings in the amount of $786.64, for which execution may issue from this Court upon finality of this Opinion and Order;

4) If she has not already done so, Respondent shall immediately refund $1,300.00 (plus interest at the legal interest rate stated in KRS 360.010, calculated from the date the bar complaint was filed) in fees to each of the clients who filed the underlying complaints against her;

5) Whitlock shall attend the Bar Counsel's remedial ethics program within one year of the date of this opinion and order. Whitlock shall pass any examination given at the end of the program. Whitlock will not apply for CLE credit of any kind for her attendance at that remedial ethics program and is required to furnish a release and waiver to the Office of Bar Counsel to review her records in the CLE department that might otherwise be confidential, with such release to continue in effect for one year after completion of the remedial education, in order to allow the Office of Bar Counsel to verify that she has not reported any hours to the CLE Commission that are taken as remedial education;

6) Whitlock shall submit to mental health-related supervision, as approved by the Kentucky Bar Association's Lawyer Assistance Program (KYLAP), and such supervision shall continue to the extent and duration as deemed necessary and appropriate by KYLAP; and

7) If Respondent fails to comply with any of the terms of discipline as set forth herein, upon motion of the Office of Bar Counsel, the Court may impose other discipline in this matter.

All sitting. All concur.

ENTERED: March 19,2009.

/s/ John D. Minton, Jr.

Chief Justice