**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Jennifer Sue WHITLOCK, Respondent.**

**No. 2010–SC–000027–KB.**

Supreme Court of Kentucky.

May 20, 2010.

---

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended that Jennifer Sue Whitlock, who was admitted to practice law in Kentucky on April 16, 1998, whose Bar Roster Address is P.O. Box 171, 1401 Winchester Avenue, Suite 526, Ashland, Kentucky 41105, and whose KBA Member Number is 87562, be suspended for one year.

Roy L. Crawford hired Whitlock in 2007 to represent him in a lawsuit against Brester Homes of Kentucky. On December 17, 2007, Crawford sent her a check for $2,500, which she deposited in her account.

Crawford did not receive any information thereafter about the extent of Whitlock's work, nor did he receive any bills. In May 2008, Crawford unsuccessfully tried to contact Whitlock by phone and email to obtain an update on his case. He emailed her again three times in July 2008 but still received no reply. In September 2008, Crawford sent a letter to Whitlock by certified mail asking for his records, his file, a detailed bill and a response to his requests for information. Whitlock did not respond.

Crawford subsequently filed a bar complaint, a copy of which was personally served on Whitlock in October 2008. No response was filed, so Bar Counsel mailed a reminder letter in November 2008, which was personally signed for by Whitlock. On January 14, 2008, Whitlock emailed Bar Counsel stating that she would file a response within 24 hours, but no response was filed.

The Inquiry Commission issued a formal charge containing five counts on February 13, 2009. The charge alleged violations of (1) SCR 3.130–1.3 for failing to act with reasonable diligence and promptness in representing a client; (2) SCR 3.130–1.4 for failing to respond to the client's requests about the status of the case; (3) SCR 3.130–1.5(b) for failing to return the unearned portion of a fee to her client and failing to render an accounting of work performed when asked to do so; (4) SCR 3.130–1.16(d) for failing to return the client's documents and files and to provide a detailed billing statement on request; and (5) SCR 3.130–7.1(b) for failing to respond to the bar complaint.[1]

On March 13, 2008, Whitlock filed her response to the charge, admitting the factual allegations. She submitted documentation of some services performed for Crawford and an itemization of her time spent thereon. The response was not filed, however, because it was untimely. It was returned to Whitlock with a note directing her to file a motion for leave to file a late pleading. No such motion was ever filed.

On April 6, 2009, the Inquiry Commission issued an amended charge (to correct typographical errors). When a copy was attempted to be served, the deputy sheriff

---

1. The Rules of Professional Responsibility contained in SCR 3.130 have since been renumbered and substantially amended. Thus, the rules cited herein may not correspond to the rules currently in force.

found that Whitlock's office was vacant. Service was subsequently completed on the Executive Director of the KBA as the designated agent for service of process.

On July 29, 2009, this matter was consolidated with another disciplinary matter against Whitlock, apparently due to a mistaken belief that she had filed an answer to this charge. When the mistake was discovered, Bar Counsel attempted to contact Whitlock by phone, leaving several messages in August 2009. Whitlock did not return any of the calls, and eventually the two disciplinary matters were severed.

The matter proceeded to the Board of Governors, which noted that Whitlock formally failed to respond to the charge against her but also took notice of the untimely response she filed. The response asserted that medical and mental health issues played a role in the underlying matters. The Board voted to find Whitlock guilty of all five counts of the charge and recommended that she be suspended for one year, refund the unearned portion of the fee to her client, attend Bar Counsel's remedial ethics program, and consult with and possibly agree to monitoring by the Kentucky Lawyers Assistance Program.

In so concluding, the Board also took into account Whitlock's prior discipline, which included: (1) a private admonition in August 2008, (2) a 30–day suspension in December 2008, with the requirement that she attend the Ethics and Professionalism Enhancement Program presented by Bar Counsel in April 2009, (3) a 181–day suspension for misconduct related to two cases in March 2009, and (4) a private admonition in May 2009. The record also shows a second private admonition in September 2009, though the Board did not mention it in its recommendation.

Neither Whitlock nor Bar Counsel has filed a notice for this Court to review the Board's decision as allowed under SCR 3.370(8). Because the Board's findings and conclusions are supported by the record and the law, and because the sanction recommended by the Board is appropriate in light of Respondent's history of prior discipline, her failure to respond formally to the charges against her, and the seriousness of the charges, this Court elects not to review the recommendation of the Board as allowed under to SCR 3.370(9). The decision of the Board is therefore adopted pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) Respondent, Jennifer Sue Whitlock, is suspended from the practice of law in the Commonwealth of Kentucky for one year from the date of this Order.

(2) Respondent shall refund $1,275 in unearned fees to her client Roy Crawford.

(3) Respondent shall attend and complete the Ethics and Professionalism Enhancement Program presented by the Office of Bar Counsel within one year if she has not already done so.

(4) Respondent shall consult with and, if indicated, agree to monitoring by the Kentucky Lawyer's Assistance Program.

(5) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $314.01, for which execution may issue from this Court upon finality of this Opinion and Order.

(6) Pursuant to SCR 3.390, Respondent shall, within ten days from the entry of this Opinion and Order, notify all clients in writing of her inability to represent them, and notify all courts in which she has matters pending of her suspension from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association, assuming that this is necessary given that she was al-

ready suspended from the practice of law. Furthermore, to the extent possible and necessary, Respondent shall immediately cancel and cease any advertising activities in which she is engaged.

All sitting. All concur.

ENTERED: May 20, 2010.

/s/ John D. Minton, Jr.
CHIEF JUSTICE