**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Jennifer Sue WHITLOCK, Respondent.**

**No. 2010–SC–000538–KB.**

Supreme Court of Kentucky.

Nov. 18, 2010.

## *OPINION AND ORDER*

Respondent, Jennifer Sue Whitlock, stands accused of violating several provisions of the Rules of Professional Responsibility pertaining to her representation of Gale Ellis beginning in 2002. The Board of Governors of the Kentucky Bar Association has recommended that Respondent, whose Bar Roster Address is 1401 Winchester Avenue, Suite 526, Ashland, Kentucky 41105, and whose KBA Member Number is 87562, be found to have committed the ethical violations, suspended from the practice of law in this Commonwealth for one year, and ordered to refund $1,650 in fees to Ms. Ellis and consult with and agree to any monitoring by the Kentucky Lawyer Assistance Program (KYLAP). This Court, finding no reason for further review, adopts the recommendation of the Board.

In August of 2002, Ms. Ellis hired Respondent to represent her in a visitation dispute involving Ms. Ellis's grandchild. Ms. Ellis paid Respondent $1,400 for her representation. However, Respondent neglected to do any work in furtherance of her representation, nor did she return any phone calls from the client. Nonetheless, in 2007, Ms. Ellis paid Respondent an additional $250 to represent her in a medical malpractice matter. Respondent similarly failed to perform any work in relation to this matter. To date, Respondent has not returned any of Ms. Ellis's money.

On September 13, 2009, Respondent was personally served a bar complaint filed by Ms. Ellis, charging her with three counts of professional misconduct in her representation of Ms. Ellis. A letter accompanying the complaint informed Respondent of her duty to respond to the complaint and that failure to do so could result in an additional charge of misconduct. After an initial lack of response, Respondent received a certified reminder letter attached with another copy of the complaint, but again failed to respond.

Respondent has now been charged with four counts of misconduct stemming from her representation of Ms. Ellis: (1) failure to act with reasonable diligence and promptness in representing a client, in violation of SCR 3.130–1.3; (2) failure to respond to her client's inquiries regarding the status of her cases, in violation of SCR 3.130–1.4; (3) failure to inform her client of the termination of representation, failure to return documents, and failure to return the unearned portion of fees paid to her by her client, in violation of SCR

3.130–1.16(d); and (4) failure to file a response to a bar complaint after being effectively served, in violation of SCR 3.130–8.1(b).

The Board of Governors voted unanimously to find Respondent guilty on all four counts. Before voting on a recommended sanction, the Board reviewed Respondent's disciplinary history, which included the following: a 30–day suspension in 2008, *Kentucky Bar Ass'n v. Whitlock*, 275 S.W.3d 179 (Ky.2008); a 181–day suspension in 2009, *Kentucky Bar Ass'n v. Whitlock*, 290 S.W.3d 53 (Ky.2009); and a one-year suspension on May 20, 2010, *Kentucky Bar Ass'n v. Whitlock*, 311 S.W.3d 246 (Ky.2010) [1]. After hearing of this history, the Board voted unanimously to recommend that Respondent be suspended for one year, ordered to refund $1,650 in fees to Ms. Ellis and consult with and agree to any monitoring by KYLAP, and required to pay costs.

■ No review of the Board's recommendation, as allowed under SCR 3.370(8), was sought. Because the Board's findings and conclusions are supported by the record and the law, and because the recommended sanction is appropriate in light of Respondent's history of prior discipline and the seriousness of the charges, this Court elects not to review the recommendation of the Board as allowed under SCR 3.370(9). The recommendation of the Board is therefore adopted pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) Respondent, Jennifer Sue Whitlock, is suspended from the practice of law in the Commonwealth of Kentucky for one year from the date of this Order.

(2) Pursuant to SCR 3.390, Respondent shall, within ten days from the entry of this Opinion and Order, notify all of her clients in writing of her inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel, and notify all courts in which she has matters pending of her suspension from the practice of law, and simultaneously furnish copies of all such letters of notice to the Director of the Kentucky Bar Association. Furthermore, to the extent possible, Respondent shall immediately cancel and cease any advertising activities in which she is engaged.

(3) Respondent shall consult with and agree to any monitoring by the Kentucky Lawyer Assistance Program.

(4) Respondent is directed to pay restitution of all unearned fees to Ms. Ellis, said sum being $1,650.

(5) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $308.54, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: November 18, 2010.

/s/ John D. Minton, Jr.

■

---

1. Though the Board of Governors could not have considered it at the time, this Court recently suspended Whitlock from the practice of law for one year. *See Kentucky Bar Ass'n v. Whitlock,* 318 S.W.3d 602 (Ky.2010).