TO BE PUBLISHED

# Supreme Court of Kentucky

## 2014-SC-000482-KB

FINAL

DATE 12-30-14 Ent&Group D.C

KENTUCKY BAR ASSOCIATION                                                  MOVANT


V.                               IN SUPREME COURT


D. STEVEN PARKS                                                  RESPONDENT


## OPINION AND ORDER

The Board of Governors ("Board") of the Kentucky Bar Association ("KBA") recommends this Court suspend D. Steven Parks from the practice of law for thirty (30) days and order that he pay restitution in the amount of $500.00. Finding sufficient cause to do so, we adopt the Board's recommendation. Parks, whose KBA number is 90969 and whose bar roster address is 3925 Fieldside Circle, Louisville, Kentucky, was admitted to the practice of law in the Commonwealth of Kentucky on October 14, 2005.

Linda Stengel retained Parks to obtain a title on an abandoned vehicle. Ms. Stengel paid Parks $500.00 on May 20, 2013. Parks advised Ms. Stengel that the process of obtaining the title for the vehicle may take up to two months, but that he would have no problems performing that service for her. After a period of two months passed, Ms. Stengel attempted to contact Parks regarding the status of the title. Numerous calls were unanswered and subsequent voice messages received no response. When Ms. Stengel was able to connect with Parks over the phone, he could not provide her with any information concerning her case, but explained he was out of town, or in a

meeting, or would send her papers to sign. Ultimately, Parks failed to obtain title on the vehicle and never refunded Ms. Stengel's $500.00. Ms. Stengel filed a complaint with the KBA on September 26, 2013.

The Office of Bar Counsel ("OBC") originally sought to resolve the matter as an alternative disposition pursuant to SCR 3.160. Parks, however, failed to provide the OBC with any pertinent information concerning Ms. Stengel's complaint. The OBC sent a copy of the formal complaint via certified mail to Parks's bar roster address on October 16, 2013. Someone on behalf of Parks signed the certified mail receipt two days later. Shortly thereafter, the OBC sent the complaint to the Jefferson County Sheriff for service. The Sheriff informed the OBC of the unsuccessful attempt at service on November 27, 2013. Service was completed via the Executive Director pursuant to SCR 3.175(2).[1] Parks did not respond to the formal complaint.

The Inquiry Commission ("Commission") issued a four-count charge against Parks, alleging violations of SCR 3.130-1.3, for failing to act with reasonable diligence; SCR 3.130-1.4(a)(3), for failing to keep his client reasonably informed; SCR 3.130-1.16(d), for failing to refund his unearned fee to his client; and SCR 3.130-8.1(b), for failing to respond to the formal complaint and lawful requests for information. After attempted service to two different addresses failed, service of the charge was completed via the Executive

---

[1] SCR 3.175(2) provides, in part: "After July 1, 2004, every member of the Association shall be deemed to have appointed the Director as that member's agent for service of any document that is required to be served upon that member by any provision of Supreme Court Rule 2 or 3[.]"

2

Direction on March 17, 2014.

The Board found Parks guilty of all four violations in a 16-0 vote, with one member of the Board recused and one member of the Board absent. After considering any possible mitigating factors[2] and the applicable law, the Board voted to recommend that Parks be suspended from the practice of law for a period of thirty (30) days and to make payment of $500.00 as restitution to Linda Stengel.

Upon review of the Board's recommendation, we find that the proposed discipline is appropriate. We agree that Parks is guilty of the above-mentioned violations for collecting a fee from Ms. Stengel, failing to reasonably communicate with her, and ultimately abandoning the matter completely. If he did in fact perform services, Parks never responded to any lawful requests for information by explaining his dilatoriness, nor did he refund the unearned fee to his client. A thirty-day suspension for failing to diligently perform services and keep the client reasonably informed is consistent with this Court's precedent in similar disciplinary cases. *See Burgin v. Kentucky Bar Ass'n*, 362 S.W.3d 331 (Ky. 2012); *Kentucky Bar Ass'n v. Bock*, 245 S.W.3d 206 (Ky. 2008); *Kentucky Bar Ass'n v. Whitlock*, 275 S.W.3d 179 (Ky. 2008). Accordingly, we agree with the Board's findings and hereby adopt its recommendation.

Therefore, it is hereby ORDERED that:

1. D. Steven Parks is suspended from the practice of law in this

---

[2] Parks has no disciplinary history.

3

Commonwealth for thirty (30) days, effective upon the date of entry of this Order; and

2. Parks shall immediately refund to Linda Stengel $500.00; and

3. Pursuant to SCR 3.450, Parks is directed to pay all costs associated with these disciplinary proceedings, in the amount of $255.51 for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: December 18, 2014.

_____
CHIEF JUSTICE