TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0475-KB

D. STEVEN PARKS                                                    MOVANT

                          IN SUPREME COURT
V.

KENTUCKY BAR ASSOCIATION                              RESPONDENT

## OPINION AND ORDER

D. Steven Parks was admitted to the practice of law in the Commonwealth of Kentucky on October 14, 2005. Pursuant to Kentucky Supreme Court Rule (SCR) 3.510, he has applied for reinstatement of his bar license following a thirty-day disciplinary suspension in 2014. His bar roster address is 3925 Fieldside Circle, Louisville, Kentucky 40299. Parks currently resides in Granite Bay, California.

## FACTS AND PROCEDURAL HISTORY

From October 2005 until December 2014, Parks was a solo practitioner in Louisville. In May 2013 Linda Stengel paid Parks $500 to obtain a title on an abandoned vehicle. After Parks failed to complete that task and failed to communicate with Ms. Stengel, she filed a bar complaint against him. The Office of Bar Counsel originally sought to resolve the matter as an alternative disposition pursuant to SCR 3.160(3)(c) but Parks failed to provide the Office of Bar Counsel with any pertinent information concerning Ms. Stengel's

complaint. The formal complaint process was initiated, and Parks failed to respond. He was ultimately suspended for thirty days for violating SCR 3.130 (1.3) for failing to act with reasonable diligence in representing a client; SCR 3.130(1.4)(a)(3) for failing to communicate with a client; SCR 3.130(1.16)(d) for failing to timely return an unearned portion of a fee; and SCR 3.130(8.1)(b) for failing to respond to a bar complaint. *See Kentucky Bar Ass'n v. Parks,* 449 S.W.3d 763 (Ky. 2014). The suspension order required Parks to reimburse Ms. Stengel the $500 unearned fee.

After the thirty-day suspension, Parks did not file an affidavit demonstrating that he complied with the terms of his suspension pursuant to SCR 3.510(2). On January 17, 2020 Parks filed an application for reinstatement. The Character and Fitness Committee held an informal hearing via Zoom pursuant to SCR 2.300(3) on May 18, 2021. Two members of the Character and Fitness Committee, counsel for the Office of Bar Admissions, and Mr. Parks and his counsel participated in the hearing. No formal record was created in accordance with SCR 2.300(3).

SCR 2.300(4) states that "[a]t the conclusion of the investigative period, and following the informal hearing, if one is held, the applicant and Kentucky Bar Association Counsel will be given a right to request a formal hearing before the [Character and Fitness] Committee pursuant to SCR 3.505(3)." SCR 3.505(3) states that "[t]he applicant or Bar Counsel shall have the right to a hearing before the Character and Fitness Committee prior to the issuance of its decision." Despite these rules, the Character and Fitness Committee did not

2

advise the parties the investigative period had ended and did not give the parties an opportunity to request a formal hearing. Instead, on May 27, 2021, the Character and Fitness Committee transmitted its Findings of Fact, Conclusions of Law, and Recommendation to the Disciplinary Clerk. The Character and Fitness Committee found that Parks had met his burden of proof and proved "by clear and convincing evidence that he/she possesses the requisite character, fitness and moral qualification for re-admission to the practice of law." Notably, these findings made no mention of whether or not Mr. Parks had complied with the suspension order requirement that he reimburse Ms. Stengel the $500 unearned fee.

The matter proceeded to the KBA Board of Governors for consideration. Bar Counsel filed a brief on July 1, 2021, opposing reinstatement because of insufficient proof that the applicant had complied with every term of the suspension order; Parks' lack of candor with the Character and Fitness Committee in his reinstatement application; and insufficient evidence in the record to support the Character and Fitness Committee's recommendation that Parks' post-suspension conduct demonstrated that he is worthy of the trust and confidence of the public or that he presents good moral character. SCR 2.300(6).

Nothing in the record at the time the Character and Fitness Committee entered its findings shows that Parks reimbursed the client the $500 unearned fee. Further, in his reinstatement application Parks answered "no" to the question of whether he had ever been a party in any civil or administrative

3

proceeding. In fact, a Kentucky civil malpractice action was filed against Parks that resulted in an adverse judgment against him. In that case, Parks filed a complaint to collect a debt for a construction client. He failed to adequately pursue the case and it was ultimately dismissed. The malpractice judgment was discharged in the bankruptcy proceedings but was ultimately paid by his former spouse.

In addition, in the reinstatement application Parks answered "no" to the question had he been charged with fraud in any legal proceeding. Although unsuccessful, an adversary complaint was filed against Parks in his bankruptcy proceeding in which he was charged with fraud-based conduct. The Character and Fitness Committee's findings incorrectly stated that no disciplinary complaints were filed against Parks after his suspension. Parks actually received a private admonition in 2015 after being the subject of a bench warrant in Jefferson District Court for failing to produce records.

On July 21, 2021, Parks, through counsel, filed a motion for extension with the Board of Governors, seeking additional time to "afford him an opportunity to locate a copy of the receipt wherein he refunded $500 to the Complainant, which was lost in his move to California." The Board granted the motion for extension and on September 3, 2021, Parks filed the affidavit of Ms. Stengel in support of his reinstatement. In her affidavit Ms. Stengel acknowledged receipt of a check in the amount of $1,105.34 from Timothy Denison, counsel for Parks, representing reimbursement of the $500 plus

interest of $605.34 from December 14, 2014 through December 14, 2021. A copy of the check was appended to the affidavit.

The Board of Governors held oral arguments on September 17, 2021. At the oral argument, counsel for Parks admitted that the reimbursement to Ms. Stengel had not occurred until September 1, 2021. Thus, the reimbursement had not occurred at the time of the Character and Fitness Committee's entry of its findings. The Board of Governors also highlighted Parks' false or misleading answers in his application for reinstatement by failing to disclose the malpractice case and judgment, fraud allegations in his bankruptcy case and the 2015 private admonition. The Board of Governors voted 16-0 recommending denial of Parks' reinstatement application.

In its brief before this Court, the KBA argues that this Court should adopt the Board of Governors' unanimous recommendation and deny Parks' application for reinstatement. Parks highlights his lack of opportunity to request a formal hearing and asserts that the Board of Governors did not have sufficient proof regarding substantive issues and therefore could not make an informed decision.

## ANALYSIS

SCR 2.300(6)(a) instructs the Character and Fitness Committee to consider whether the applicant has presented clear and convincing evidence that he has complied with every term of an order of suspension or disbarment. Here, Parks did not reimburse the client the unearned fee until September 1, 2021, at which time the matter was before the Board of Governors. The

5

reimbursement was clearly required in this Court's December 2014 suspension order and had not occurred at the time the Character and Fitness Committee issued its findings. During the Board of Governors' hearing, Parks' counsel introduced the possibility that one of the members of the Character and Fitness Committee that participated in the informal hearing mistook a copy of an approximately $500 check in the file to be Parks' reimbursement to his former client. However, that check was to pay for the costs of the reinstatement proceedings. Although the Character and Fitness Committee's findings state that Parks met the requirements for reinstatement, that was not correct.

Additionally, SCR 2.300(6)(b) asks whether the applicant has presented clear and convincing evidence that his conduct while under suspension shows that he is worthy of the trust and confidence of the public. Here, Parks arguably provided false or misleading answers in his reinstatement application. He failed to disclose the malpractice case and judgment entered against him and also failed to disclose the fraud charge made against him in his bankruptcy case and the private admonition he received in 2015. Parks' counsel conceded that the malpractice case was not disclosed as clearly and concisely as it could have been and proposed that there may have been other areas of confusion regarding Parks' responses to the reinstatement questions. These issues need to be adequately explored.

We note the KBA's position that further evidentiary proceedings cannot salvage Parks' lack of candor in submitting his reinstatement application. But

the discrepancies in Parks' reinstatement application, including the 2015 misconduct and legal proceedings against him, are important considerations for reinstatement. We also note that Parks had not reimbursed Ms. Stengel at the time he filed his reinstatement application or even while the application was before the Character and Fitness Committee. In its brief before the Board of Governors, the KBA raised numerous questions as to Parks' good moral character, which is a required consideration for reinstatement pursuant to SCR 2.300(6)(d).

Recently, in *Chenault v. Kentucky Bar Association,* 636 S.W.3d 127, 128 (Ky. 2021), the Character and Fitness Committee unanimously recommended Chenault's reinstatement to the practice of law. Bar Counsel objected to reinstatement because no formal hearing was held pursuant to SCR 3.505(3) and because the record lacked clear and convincing evidence that Chenault met the requirements for reinstatement. *Id.* Nevertheless, by a vote of 20-0, the Board approved Chenault's reinstatement application. *Id.* In accepting the Board's approval, this Court recognized Bar Counsel's continuing request to remand for a formal hearing but concluded that a formal hearing "would be needlessly repetitious, wasteful of KBA time and resources, and callously increase the costs of reinstatement upon Chenault through no fault of her own." *Id.* at 129.

We find *Chenault* distinguishable. Notably, Chenault received favorable outcomes before both the Character and Fitness Committee and the Board. Here, although the Character and Fitness Committee recommended approval,

7

the Board denied Parks' application for reinstatement. As an applicant seeking reinstatement, Parks' law license is at stake, making his opportunity to formally address the issues and develop a record more significant to his continuation (or not) in the profession. He should not be denied the formal hearing to which he is clearly entitled under our rules.

In sum, we find clear issues with the proceedings below, at least some of which arguably have resulted from the absence of a formal hearing pursuant to SCR 2.300(4). The Character and Fitness Committee did not advise the parties the investigative period had ended and did not give the parties an opportunity to request a formal hearing. This raises questions as to the adequacy of the record. On remand, these issues shall be properly raised before and considered by the Character and Fitness Committee during a formal hearing pursuant to SCR 2.300(4)(a).

ACCORDINGLY, IT IS HEREBY ORDERED that this matter is remanded to the Character and Fitness Committee for a formal hearing pursuant to SCR 2.300(4)(a).

All sitting. Minton, C.J.; Conley, Hughes, Lambert, Nickell, and VanMeter, JJ., concur. Keller, J., concurs in result only.

ENTERED: March 24, 2022.

_____
CHIEF JUSTICE

8