TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0475-KB

D. STEVEN PARKS                                                                          MOVANT

V.                                    IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                                          RESPONDENT

## OPINION AND ORDER

This case is before the Court on Applicant D. Steven Parks' application for reinstatement pursuant to SCR[1] 3.502(2). His Kentucky Bar Association (KBA) Member Number is 90969 and his bar roster address is 3925 Fieldside Circle, Louisville, Kentucky 40299. Parks resides in California.

The Character and Fitness Committee (the Committee) issued its Findings of Fact, Conclusions of Law, and Recommendation to the Board of Governors, recommending that Parks not be reinstated. The Board of Governors adopted the Committee's recommendation and also recommends that this Court deny Parks' application. Having reviewed the record, we adopt the Board's recommendation and deny Parks' application for reinstatement.

---

[1] Rules of the Supreme Court.

## FACTUAL AND PROCEDURAL POSTURE

Parks was admitted to the practice of law on October 14, 2005. Parks had no disciplinary actions before the matter at issue here.

This matter began more than ten years ago when Parks' client Linda Stengel paid him $500 to obtain title on an abandoned vehicle. Parks failed to respond to Ms. Stengel's numerous requests for information as to how the case was proceeding, to obtain title on the abandoned vehicle, or to refund the $500 fee.

Stengel then filed a complaint against Parks with the KBA. The KBA sought to resolve the matter via alternative disposition but was unable to do so because Parks failed to provide pertinent information. Parks also failed to respond to the Board's subsequent formal complaint.

The Board thus ultimately found Parks guilty of violating SCR 3.130-1.3 for failing to act with reasonable diligence, SCR 3.130-1.4(a)(3) for failing to keep his client reasonably informed, SCR 3.130-1.16(d) for failing to refund the unearned fee, and SCR 3.130-8.1(b) for failing to respond to the formal complaint and lawful requests for information. The Board recommended Parks be suspended from the practice of law for thirty days. We agreed and issued a decision on December 18, 2014 suspending Parks from the practice of law for thirty days. *Ky. Bar Ass'n v. Parks*, 449 S.W.3d 763, 765 (Ky. 2014). We further ordered that Parks "immediately refund to Linda Stengel $500." *Id.*

Parks filed an application for reinstatement on January 23, 2020. Parks affirmatively represented in his application that he had not been adjudicated

2

bankrupt, when in fact he had been.  In the application Parks also stated that he had never been a party to a civil or administrative proceeding other than a divorce action, when in fact he was the defendant in a malpractice case that resulted in a judgment against him.[2]  Parks also asserted in the application that he had never been charged with fraud in any legal proceeding, when in fact he was the subject of an adversarial proceeding in his bankruptcy case alleging that he engaged in fraud.[3]  Parks further represented in the application that he had not been charged with unprofessional or unethical conduct or had disciplinary proceedings against him, when in fact he received a private admonition in 2015 after being the subject of a bench warrant in Jefferson District Court for failure to produce records.

The Committee held an informal hearing and recommended granting Parks' application for reinstatement.  During the course of the Board's subsequent consideration of the application, it came to light that Parks had not refunded the unearned $500 fee to his client until September 1, 2021—and thus *after* the Committee's proceedings and recommendation to grant the application for reinstatement.  The Board also noted Parks' false and misleading answers in his application and his failure to disclose the

---

[2] The plaintiff in the malpractice case was a construction company that retained Parks to collect a debt.  Parks failed to prosecute the company's claim and the company obtained a $58,464 malpractice judgment against him.  Parks' former spouse satisfied the judgment even though it had been discharged in Parks' bankruptcy proceedings.

[3] The adversarial proceeding was commenced by the Trustee of Parks' bankruptcy estate and alleged that he engaged in fraud in the bankruptcy case by failing to disclose both his transfers of interest in four properties and three vehicles and his own interests in one property and two vehicles.

malpractice case and judgment, the fraud allegations against him, or his 2015 private admonition.  The Board thus recommended we deny the application.

On review, we concluded the proceedings were flawed due to the Committee's failure to provide the parties an opportunity to request a formal hearing and thus remanded to the Committee for such a hearing.  *Parks v. Ky. Bar Ass'n,* 642 S.W.3d 719, 723 (Ky. 2022).  Further proceedings consistent with our opinion have now occurred and the matter thus again returns to us for consideration of Parks' application for reinstatement.

## I.      The Character and Fitness Committee's Findings and Recommendation.

On remand, the Committee held a formal hearing during which it heard sworn testimony from Parks and three character witnesses on his behalf.  The Committee recommended denial of Parks' application given his prior misconduct, his failure to timely refund the unearned fee, his lack of candor in his reinstatement application, issues with professional competence, and the "exceedingly superficial" character evidence he offered.

## II.     The Board of Governors' Findings and Recommendation.

On appeal, the Board received full briefing from the parties and heard oral argument.  The Board reviewed the record, applied our standards for reinstatement as set forth in SCR 3.503(1), and found that the Committee's recommendation to deny was supported by substantial evidence and was not clearly erroneous as a matter of law.

The Board concluded Parks failed to comply with his refund obligation with reasonable diligence, and that the false statements on his reinstatement

4

application reflect a lack of the reliable trust and confidence required of an attorney. *See* SCR 3.503(1)(b), (c), & (i). The Board further noted that while Parks explained the misrepresentations on his application by asserting he did not understand the questions, such an explanation raises questions as to whether he has the requisite competence for the practice of law. *See* SCR 3.503(1)(d). The Board also found Parks' character witnesses did not provide helpful proof of rehabilitation. *See* SCR 3.503(1)(f). The Board thus also recommends that we deny the application for reinstatement.

### ADOPTION OF RECOMMENDATION AND ORDER

The Board of Governors' recommendation is supported by the record and the law. No party has made any subsequent filing to this Court following the Board's submission. Thus, because the Board's recommendation is supported by the record and the law, this Court elects not to review the recommendation as allowed under SCR 3.370(9). The recommendation of the Board is therefore adopted pursuant to SCR 3.370(10), and we thus deny Parks' application for reinstatement.[4]

All Sitting. All concur

ENTERED: August 24, 2023

_____
CHIEF JUSTICE

---

[4] We note that Parks has now been under disciplinary suspension for more than eight years. As such, should Parks again apply for reinstatement and obtain either an unchallenged Committee recommendation or a Board recommendation that we grant the application, he must then successfully take the reinstatement bar examination before this Court can consider whether to reinstate him. SCR 3.503(6).

5