**KENTUCKY BAR ASSOCIATION, Movant**

v.

**Andrew L. HOLTON, Respondent.**

**No. 2012–SC–000710–KB.**

Supreme Court of Kentucky.

Feb. 21, 2013.

## OPINION AND ORDER

Respondent, Andrew L. Holton, KBA Member No. 87681, has been charged in KBA File 20231 of violating SCR 3.130–1.1 (failure to provide competent representation), SCR 3.130–1.3 (failure to act with reasonable diligence), SCR 3.130–1.4(a)(3)(failure to keep the client reasonably informed), SCR 3.130–1.4(a)(4) (failure to respond to requests for information), and SCR 3.130–8.1(b)(failure to respond to bar complaint), all arising out Respondent's representation of parties in a contract dispute. The Board of Governors, by a vote of 17–0, found Respondent guilty of all of the above violations. It recommended that he be suspended from the practice of law in the Commonwealth for thirty days and that he be required to attend the Ethics and Professionalism Enhancement Program. Respondent maintains a bar roster address of 16912 Polo Fields Lane, Louisville, KY 40245. The Respondent failed to file an answer to the charges, and so the case was before the Board as a default case.

In the spring of 2010, Diane Ousley and her business partner rented a building which they intended to convert to a restaurant. When they became embroiled in a dispute with the landlord, and got locked out of the property, they contacted Respondent for legal representation. Ousley paid Respondent $1500.00 and he agreed to assist them. Respondent exchanged several letters with the landlord's attorney and mediation was tried, but was unsuccessful. Eventually, the landlord turned the building over to a new tenant. Respondent took no action to protect his client's interest or investment in the subject property.

Ousley attempted several times during the dispute to speak with Respondent. She left many messages, but he did not return any of her phone calls. About a year before Ousley filed her bar complaint, Respondent informed her that he was "depressed and having issues with his mother," but he assured her that he would address her concerns; however, he never did. After Ousley made her complaint, Respondent met with her and stated he would re–new his effort to assist her.

In his initial response to the bar complaint, Respondent admitted that he had been overwhelmed by his mother's illness and other personal and professional difficulties. He acknowledged that he failed to properly communicate with Ousley and admitted that he did not have the experience to handle her matter. He said he had intended to move the case forward, but conceded that he had only made a "half-hearted effort" to do so.

In January 2012, the Office of Bar Counsel contacted Respondent by letter to find out if he had resolved Ousley's concerns and to learn if he had contacted the Kentucky Lawyer's Assistance Program ("KY-LAP") for assistance. Respondent failed to respond to the letter, and he failed to respond to a second letter sent a month later. On July 11, 2012 Respondent was notified by certified mail that he was charged as described above. He failed to respond to that notice.

As a result of his conduct in representing Ms. Ousley, the Board by a vote of 17–0, with one member recused, found Respondent guilty of violating (1) SCR 3.130–1.1 ("A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representa-

tion."); (2) SCR 3.130–1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."); (3) SCR 3.130–1.4(a)(3) ("A lawyer shall keep a client reasonably informed about the status of the matter."); (4) SCR 3.130–1.4(a)(4) ("A lawyer shall promptly comply with reasonable requests for information."); and (5) SCR 3.130–8.1(b) (a lawyer involved in a disciplinary matter shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority.").

In June 2012, Respondent received a private reprimand for violation of SCR 3.130–1.3, 1.4(a)(3) and 1.16(d) in a different matter. Given that history and the seriousness of the present violations, the Board of Governors recommended that Respondent be suspended from the practice of law in the Commonwealth for thirty days.

Having reviewed the record in this case and finding that the Board's conclusions are supported by the evidence, and because neither Respondent nor the KBA has filed for a notice of review in this Court, we adopt the Board's recommendation pursuant to SCR 3.370(9) ("[i]f no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters."). In agreeing to and adopting the Board's disciplinary recommendation, we notice that the thirty day suspension imposed in this case is consistent with the thirty day suspensions imposed in *Kentucky Bar Association v. Grider*, 282 S.W.3d 330 (Ky.2009) (violations of SCR 3.130–1.3, SCR 3.130–1.4(a), SCR 3.130–1.16(d) (requiring a lawyer to return an unearned fee), and SCR 3.130–8.1(b) (forbidding a lawyer from knowingly failing to respond to a lawful demand for information from a disciplinary authority)); *Kentucky Bar Association v. Whitlock*, 275 S.W.3d 179 (Ky.2008) (violations of SCR 3.130–1.3, SCR 130–1.4(a), SCR 3.130–1.16(d) (requiring a lawyer to take reasonable steps to protect a client's interest upon termination of representation), and SCR 3.130(8.1)(b)); and *Kentucky Bar Association v. Chinn*, 64 S.W.3d 289 (Ky. 2002) (violations of SCR 3.130–1.3, SCR 3.130–1.4(a), and SCR 3.130–1.16(d)).

Thus, it is ORDERED that:

1) Respondent, Andrew L. Holton, KBA Number 87681, 16912 Polo Fields Lane, Louisville, KY 40245, is adjudged guilty of violating SCR 3.130–1.1, SCR 3.130–1.3, SCR 3.130–1.4(a)(3), SCR 3.130–1.4(a)(4), and SCR 3.130–8.1(b) as charged in KBA File 20231;

2) Respondent is suspended from the practice of law in Kentucky for thirty days;

3) Respondent is ordered to attend the Ethics and Professionalism Enhancement Program; and

4) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $342.08, for which execution may issue from this Court upon finality of this Opinion and Order.

MINTON, C.J., ABRAMSON, CUNNINGHAM, NOBLE, SCOTT and VENTERS, JJ., sitting. All concur.

ENTERED: February 21, 2013.

/s/ John D. Minton, Jr.