KENTUCKY BAR ASSOCIATION,
Movant

v.

Kimberly S.I. GEVEDON, Respondent.

No. 2013–SC–000163–KB.

Supreme Court of Kentucky.

May 23, 2013.

## OPINION AND ORDER

This case involves a six-count charge against Kimberly S.I. Gevedon[1] issued by the Inquiry Commission in June 2012. The charge alleged that Gevedon violated SCR 3.130–1.3, 3.130–1.4(a)(3), 3.130–1.4(a)(4), 3.130–1.16(d), 3.130–8.1(b), and 3–130–8.4(c). Gevedon's case is now before this Court on the Board of Governors' Findings of Fact, Conclusions of Law, and Recommendations of March 2013. The Board found Gevedon guilty of all six counts of professional misconduct. The Board recommends Gevedon be suspended from the practice of law for thirty days, pay restitution to the complainant, and be required to submit to Kentucky Lawyer Assistance Program (KYLAP) for assessment and treatment, if necessary.

Neither Gevedon nor the KBA has appealed the Board's decision, and we opt not to review it. Accordingly, we adopt

---

1. Gevedon, KBA Member No. 86102, was admitted to practice law in 1995. Her bar roster address is 366 Indian Creed Road, P.O. Box 216, West Liberty, KY 41472.

the decision of the Board relating to all matters under SCR 3.370(9).[2]

## I. KBA FILE NO. 19576.

 In July 2010, William Kaufhold paid Gevedon a $750.00 retainer to assist him with legal matters associated with the custody of his children. Kaufhold met with Gevedon again in July and September 2010. At the September meeting, Gevedon told Kaufhold that she would file a custody petition around September 13, 2010. Later in September, Gevedon did not answer Kaufhold's phone calls. In October, Gevedon told Kaufhold in a letter that service of the petition via certified mail had failed and that she would attempt service by sheriff. Kaufhold's later phone calls again went unanswered.

On October 27, 2010, Kaufhold was told he could meet with Gevedon the next day at 9:30 a.m. Gevedon failed to appear. Gevedon later told Kaufhold that he had a November 1, 2010, court date; but when he went to the courthouse, Gevedon told him he did not have to stay.

In December 2010, Gevedon's office and cell phones were not working. In January, Kaufhold learned from the Morgan Circuit Clerk that Gevedon never filed the custody petition.

In June 2011, in response to Kaufhold's bar complaint, Gevedon told Kaufhold that she would complete the work for no additional cost. But Kaufhold reported in September 2012 that Gevedon still had not filed a petition and would not return his calls or emails. Gevedon also failed to respond to Bar Counsel's inquiries regarding the progress of the matter.

The Commission filed a six-count charge against Gevedon, alleging she violated (1) SCR 3.130–1.3,[3] by not filing the custody petition and by not diligently pursuing Kaufhold's case; (2) SCR 3.130–1.4(a)(3),[4] by not keeping Kaufhold reasonably informed about the status of his case; (3) SCR 3.130–1.4(a)(4),[5] by not promptly returning Kaufhold's phone calls requesting information; (4) SCR 3.130–1.16(d),[6] by not returning the unearned part of the fee Kaufhold paid her; (5) SCR 3.130–8.1(b),[7] by not responding to Bar Counsel's request for additional information; and (6) SCR 3.130–8.4(c),[8] by misrepresenting that she had filed a petition on Kaufhold's behalf.

The Board of Governors found Gevedon guilty of all the counts in KBA File No.

2. SCR 3.370(9) states, "[i]f no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters."

3. SCR 3.130–1.3 requires a lawyer to "act with reasonable diligence and promptness in representing a client."

4. Under SCR 3.130–1.4(a)(3), a lawyer shall keep her client "reasonably informed about the status of the matter[.]"

5. SCR 3.130–1.4(a)(4) states that a lawyer shall "promptly comply with reasonable requests for information[.]"

6. SCR 3.130–1.16(d) provides, in pertinent part, that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as ... refunding any advance payment of fee or expense that has not been earned or incurred."

7. SCR 3.130–8.1(b) prohibits an attorney from "knowingly fail[ing] to respond to a lawful demand for information from ... disciplinary authority[.]"

8. Under SCR 3.130–8.4(c), it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

19576, by a vote of 17–0. The Board recommends that Gevedon receive a thirty-day suspension from the practice of law, pay restitution to Kaufhold in the amount of $750.00, be referred to KYLAP, and pay all costs associated with these proceedings. In recommending Gevedon's sanction, the Board considered her prior discipline. In May 2012, Gevedon received a private reprimand for violating SCR 3.130–1.3, 3.130–1.4(a), 3.130–1.4(b), 3.130–1.16(d), and 3.130–3.4(c). And, in June 2012, Gevedon received a private reprimand, with conditions, for violating SCR 3.130–1.3, 3.130–1.4(a)(3), 3.130–1.4(a)(4), and 3.130–1.16(d).

## II. ORDER.

Neither Gevedon nor the KBA appeals from the decision of the Board of Governors. We adopt the decision of the Board relating to all matters, including the Board's recommended sanction. For the foregoing reasons, the Court ORDERS:

1) Kimberly S.I. Gevedon, KBA Member No. 86102, is guilty of violating SCR 3.130–1.3, 3.130–1.4(a)(3), 3.130–1.4(a)(4), 3.130–1.16(d), 3.130–8.1(b), and 3.130–8.4(c), as alleged in KBA File No. 19576;

2) Gevedon is hereby suspended from the practice of law for thirty days from the date of this order;

3) Gevedon must pay restitution to William Kaufhold in the amount of $750.00;

4) Within ten days of the date of this order, Gevedon must contact KYLAP to schedule an assessment, complete the assessment as directed by KYLAP, and thereafter follow all recommendations made by KYLAP; and

5) Under SCR 3.450, Gevedon is ordered to pay all costs associated with this disciplinary proceeding, in the amount of $306.93, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: May 23, 2013.

/s/ John D. Minton, Jr.