TO BE PUBLISHED

FINAL

DATE 4-29-14 [illegible handwriting]

# Supreme Court of Kentucky

## 2014-SC-000042-KB

KENTUCKY BAR ASSOCIATION                                        MOVANT

V.                          IN SUPREME COURT

DANIEL EDWARD PRIDEMORE                              RESPONDENT

## OPINION AND ORDER

Daniel Edward Pridemore, KBA No. 93508, was admitted to the practice of law in the Commonwealth of Kentucky on April 30, 2010, and his bar roster address is listed as 3565 Lone Oak Road, Suite 3A, Paducah, Kentucky, 42003. The Board of Governors (Board) unanimously found Pridemore guilty of violating SCR 3.130-1.3,[1] SCR 3.130-1.4(a)(3),[2] SCR 3.130-8.4(c),[3] and SCR 3.130-8.1(b).[4] For these violations, the Board recommends that Pridemore be suspended from the practice of law for thirty days, with the suspension

---

[1] SCR 3.130-1.3 provides in pertinent part: "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 3.130-1.4(a)(3) provides in pertinent part: "[a] laywer shall . . . keep the client reasonably informed about the status of the matter."

[3] SCR 3.130-8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[4] SCR 3.130-8.1(b) provides in pertinent part: "[a] lawyer shall not . . . knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority."

probated for two years on the condition of timely compliance with the following: 1) an evaluation from the Kentucky Lawyers Assistance Program (KYLAP), 2) attendance of the Ethics and Professionalism Enhancement Program (EPEP), and 3) payment of costs associated with this proceeding, totaling $595.86.

## I. BACKGROUND

The charge against Pridemore was made in connection with a verified Bar Complaint filed by Josh and Tabitha Miller. The Millers hired Pridemore in September or October of 2012 to represent them as substitute counsel in a child visitation dispute in the McCracken Family Court. The Bar Complaint states that the Millers paid Pridemore $1,000.00 to represent them in Family Court and, accordingly, Pridemore entered an appearance for the Millers on October 3, 2012. The Millers claim they later paid Pridemore an additional $1,000.00 for the express purpose of appealing the order of the Family Court.

No such appeal was ever filed although the Millers' Bar Complaint states that Pridemore advised the couple on multiple occasions that he had, in fact, filed the appeal. After receipt of the second $1,000.00 payment, Pridemore did, however, file a separate motion for the Millers related to their child visitation dispute. He did so in order to combat contempt proceedings instituted against the Millers as well as to cite newly discovered evidence related to the couple's case. Nonetheless, upon learning that Pridemore had never appealed the order of the Family Court, the Millers filed a verified Bar Complaint. Consequently, the Inquiry Commission issued a four-count charge against Pridemore.

2

After the issuance of the charge against him, Pridemore communicated to the Office of the Bar Counsel that he has been receiving mentorship from a representative of KYLAP. The Board received no other information relating to Pridemore's possible impairment or his involvement with KYLAP, if any. Pridemore has had several phone conferences with the Office of Bar Counsel (OBC), followed by an exchange of emails, all relating to the charge against him, but Pridemore has never filed an answer to either the Bar Complaint or the Inquiry Commission's Charge.

As of the time of the Board's vote, Pridemore had no history of prior discipline to consider. However, after its vote, Pridemore's name appeared on the lists of impending suspensions of Kentucky attorneys for noncompliance with CLE requirements and for nonpayment of Bar dues.[5]

## II. CHARGE

The Inquiry Commission issued a charge against Pridemore alleging four counts: 1) Count I charges Pridemore with violating SCR 3.130-1.3,[6] 2) Count II charges Pridemore with violating SCR 1.130-1.4(a)(3),[7] 3) Count III charges

---

[5] Currently, Pridemore is suspended for noncompliance with CLE requirements and for nonpayment of bar dues.

[6] The Commission charges that Pridemore violated this rule by failing to timely appeal the order of the Family Court.

[7] The Commission charges that Pridemore violated this rule by failing to notify the Millers that he had not filed an appeal.

3

Pridemore with violating SCR 3.130-8.4(c),[8] and 4) Count IV charges Pridemore with violating 3.130-8.1(b).[9]

## III. BOARD'S RECOMMENDATION

The Board unanimously voted to find Pridemore guilty of all four charges, and by an eleven-member majority, voted to suspend Pridemore from the practice of law for thirty days, probated for two years on the condition that he comply in a timely matter with three other recommendations: 1) that he submit to evaluation by KYLAP in light of his statement to the OBC concerning KYLAP; 2) that he attend EPEP; and 3) that he pay the assessed costs of the disciplinary proceeding. The majority of the Board felt that restitution of the $1,000.00 that the Millers paid Pridemore for pursuit of the appeal was not warranted because Pridemore provided substantial legal services to the clients after receiving the additional payment, and because the charges did not include financial impropriety relating to the fees.

## IV. ADOPTION OF THE BOARD'S RECOMMENDATION

Pursuant to SCR 3.370(9),[10] this Court adopts the recommendation of the Board. That recommendation is consistent with the thirty-day suspensions imposed in the following cases: *Kentucky Bar Association v. Gevedon*, 398

---

[8] The Commission charges that Pridemore violated this rule by informing the Millers he had filed an appeal when he had not done so.

[9] The Commission charges that Pridemore violated this rule by failing to file a response to the Bar Complaint and Charge against him.

[10] SCR 3.370(9) provides: "[i]f no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters."

4

S.W.3d 430 (Ky. 2013) (holding that a thirty-day suspension and KYLAP assessment was appropriate where attorney failed to file a child custody petition on client's behalf and misrepresented to client that she had filed said petition, failed to return unearned fee to client, and failed to respond to KBA's disciplinary investigation); *Kentucky Bar Association v. Holton*, 390 S.W.3d 789 (Ky. 2013) (adopting the recommendation of a thirty-day suspension and EPEP attendance where attorney failed to take action for his client in a landlord dispute, misled client to believe her concerns were being addressed, failed to respond to client's requests for information, and failed to respond to a bar complaint against him); *Kentucky Bar Association v. Whitlock*, 275 S.W.3d 179 (Ky. 2008) (holding that thirty-day suspension, KYLAP assessment, and ethics program attendance was appropriate discipline for an attorney who failed to file a bankruptcy petition for her client, failed to refund money the client paid to have the petition filed, and made false statements in her response to the Inquiry Commission after the client filed a bar complaint against her).

Thus, it is hereby ORDERED that:

1. Daniel Edward Pridemore is suspended from the practice of law for thirty days, probated for two years on the condition that he comply in a timely manner with this order.

2. Pridemore shall submit to an evaluation by KYLAP and successfully complete any resulting course of recommended treatment.

3. Pridemore shall attend and successfully complete EPEP, successful completion of which requires receiving a passing score on the exam

5

given at the end of the program, within one year of this Order. The requirement to attend this program is separate from and in addition to any other CLE requirements imposed by Court rule or order.

4. Pridemore may not apply for CLE credit of any kind for the KBA's ethics program. Pridemore must furnish a release and waiver to the OBC to review his records in the CLE department that might otherwise be confidential, with such release to continue in effect for one year after completion of the ethics program to allow the OBC to verify that none of the hours are reported for CLE credit.

5. In accordance with SCR 3.450, Pridemore shall pay all costs associated with these proceedings, said sum being $595.86, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: April 17, 2014.

_____
CHIEF JUSTICE