TO BE PUBLISHED

# Supreme Court of Kentucky

2014-SC-000218-KB

FINAL
DATE 9-3-14 _EnilGrourllPc_

KENTUCKY BAR ASSOCIATION                                          MOVANT


V.                          IN SUPREME COURT


DANIEL EDWARD PRIDEMORE                                      RESPONDENT


## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association (KBA) has recommended that Daniel Edward Pridemore be found guilty of six counts of misconduct and be suspended from the practice of law for 30 days.

Pridemore was admitted to the practice of law in the Commonwealth of Kentucky on April 30, 2010; his KBA member number is 93508; his bar roster address is 3565 Lone Oak Road, Suite 3A, Paducah, Kentucky 42003.

Pridemore was hired by Terrell Stacy Harper to represent him in a divorce and child-custody matter in McCracken Family Court. The eventual divorce decree included a domestic violence order against Harper. He paid Pridemore $7,000 to pursue an appeal. Pridemore filed the notice of appeal on October 11, 2012. The Court of Appeals ordered that the case be expedited. Soon thereafter, Harper's ex-wife moved to have the appeal dismissed for procedural noncompliance. No timely response was filed, and the Court of Appeals dismissed the appeal on December 20, 2012.

In January 2013, Harper learned that his appeal had been dismissed. He contacted Pridemore, who assured him that the dismissal was a technical or clerical error and that he would take steps to have the appeal reinstated. Over the next several months, Harper and Pridemore exchanged several emails about the status of the appeal. In April 2013, Pridemore advised Harper that the appeal could not be reinstated.

Pridemore offered to have the domestic violence order modified for no additional fee. In May 2013, Pridemore drafted an agreed order to modify the domestic violence order, and Harper's wife signed the agreed order.

After that, Pridemore did not respond to several communications from Harper and took no further steps to represent Harper. On July 5, 2013, Harper filed a bar complaint against Pridemore.

In October 2013, the Inquiry Commission issued a six-count charge of professional misconduct against Pridemore. The charge alleged that Pridemore violated (1) SCR 3.130-1.3[1] by failing to act with reasonable diligence and promptness in pursuing the appeal; (2) SCR 3.130-1.4(a)(3)[2] by failing to keep Harper informed about his case; (3) SCR 3.130-1.4(a)(4)[3] by failing to promptly comply with Harper's requests for information; (4) SCR 3.130-1.16(d)[4] by not

---

[1] "A lawyer shall act with reasonable diligence and promptness in representing a client." SCR 3.130-1.3.

[2] "A lawyer shall ... keep the client reasonably informed about the status of the matter ...." SCR 3.130-1.4(a)(3).

[3] "A lawyer shall ... promptly comply with reasonable requests for information ...." SCR 3.130-1.4(a)(4).

[4] "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice

2

refunding the unearned portions of the fee paid by Harper; (5) SCR 3.130-8.1(b)[5] by failing to respond to the bar complaint; and (6) SCR 3.130-8.4(c)[6] by telling Harper that his appeal had been dismissed for a technical or clerical error rather than Pridemore's failure to take action.

At some point, Pridemore communicated with the Office of Bar Counsel, claiming that he had been receiving mentorship from a representative of the Kentucky Lawyers Assistance Program. But he never submitted any additional information in this regard. Moreover, he never responded to the bar complaint or the charge.[7] As a result, this matter was submitted to the Board of Governors as a default case.

The Board voted unanimously, 18–0, to find Pridemore guilty of all six counts. After this vote, the Board considered Pridemore's history of discipline, which included a recommendation of 30-day suspension that, at that time, had not been acted upon by this Court but has since been imposed, *see Kentucky*

---

to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law." SCR 3.130-1.16(d).

[5] "[A] lawyer ... in connection with a disciplinary matter, shall not ... fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6." SCR 3.130-8.1(b).

[6] "It is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation ...." SCR 3.130-8.4(c).

[7] In fact, the charge itself was originally returned by the postal service as unclaimed, and service by sheriff was unsuccessful. Ultimately, the service of the charge was completed by sending a copy to the Executive Director of the KBA, who under SCR 3.175(2) is designated as the agent for service of process for attorneys who cannot be reached by other means.

*Bar Ass'n v. Pridemore*, ___ S.W.3d ___, 2014 WL 1512234 (Ky. 2014), and a still ongoing suspension for non-payment of bar dues and failure to meet continuing legal education requirements. In light of this history and Pridemore's conduct, the Board voted unanimously to recommend a 30-day suspension to be served consecutively to any other current or pending discipline, with reinstatement contingent on his compliance with three recommendations: (1) that he submit to evaluation by the Kentucky Lawyers Assistance Program; (2) that he attend the Office of Bar Counsel's Ethics and Professionalism Enhancement Program;[8] and (3) that he pay the costs of this proceeding.[9]

At this point neither the KBA's Office of Bar Counsel nor Pridemore has sought review by the Court under SCR 3.370(7). Furthermore, this Court declines to undertake review pursuant to SCR 3.370(8), meaning that the Board's recommendation is adopted pursuant to SCR 3.370(9).

## Order

ACCORDINGLY, IT IS ORDERED THAT:

1.  Daniel Edward Pridemore is found guilty of the above-described and admitted violations of the Rules of Professional Conduct.

---

[8] Pridemore has already been ordered to attend this program. *See Kentucky Bar Ass'n v. Pridemore*, ___ S.W.3d ___, 2014 WL 1512234 (Ky. 2014).

[9] The Board did not address whether Pridemore should be required to pay back the $7,000 he took as payment to prosecute the appeal for Harper. Because the Court has inadequate information as to whether that money is still owed, and the Board has not made a recommendation regarding it, this Opinion and Order does not address whether restitution is owed.

4

2. Pridemore is suspended from the practice of law for 30 days, with that time to run consecutively to any other current or pending sanction.

3. Pridemore's reinstatement is contingent on the following conditions:

   a. that he submit to evaluation by the Kentucky Lawyers Assistance Program if he has not done so already;

   b. that he attend and successfully complete the Office of Bar Counsel's Ethics and Professionalism Enhancement Program; and

   c. that he pay the costs of this proceeding.

4. In accordance with SCR 3.450, Pridemore is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $609.41, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 21, 2014.

_____
CHIEF JUSTICE

5