TO BE PUBLISHED

$\mathfrak{Supreme\ Court\ of\ Kentucky}$

FINAL

2014-SC-000559-KB

DATE 12-30-14 ____

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                          IN SUPREME COURT


DANIEL EDWARD PRIDEMORE                                RESPONDENT


## OPINION AND ORDER

Respondent, Daniel Edward Pridemore, KBA Member No. 93508, was admitted to the practice of law in the Commonwealth of Kentucky on April 30, 2010, and his bar roster address is listed as 3565 Lone Oak Road Suite 3A, Paducah, Kentucky, 42003.

In two disciplinary files the Board of Governors (Board) unanimously found Respondent guilty of two counts of violating SCR 3.130-1.3; two counts of violating SCR 3.130-1.4(a)(3)&(4); and two counts of violating SCR 3.130-1.16(d); and in a vote of 11 to 6 the Board found him guilty of two counts of violating SCR 3.130-8.1(b). For these violations the Board unanimously recommends that Respondent be suspended from the practice of law for 181 days to run consecutive to any other suspension or requirement and that Respondent pay all associated costs.[1]

---

[1] Respondent was previously suspended from the practice of law on January 24, 2014 for CLE noncompliance.

## I. BACKGROUND

### A. KBA File No. 22293

As a result of Respondent's law partner leaving their practice, Respondent came to solely represent Bobbie Harris, a client involved in a divorce proceeding. Throughout the divorce proceeding, Respondent failed to timely file motions and respond to adversarial filings, resulting in prejudice to Harris.

During the course of litigation, Harris obtained a copy of an order, which included a provision requiring Respondent to pay Harris's ex-husband's attorney's fees for failing to comply with the divorce court's directive to prepare an order. After several unsuccessful attempts to contact Respondent, Harris requested the return of her paperwork, indicating she wished to terminate Respondent's representation. This request was ignored. After several more attempts to set up meetings, including visiting Respondent's home, Harris filed this complaint with the KBA and later provided Bar Counsel with evidence substantiating her allegations.

As a result of the above conduct, the Inquiry Commission charged Respondent with having violated SCR 3.130-1.3[2] by failing to diligently represent his client when he missed scheduled court appearances; SCR 3.130-1.4(a)(3)&(4)[3] by failing to adequately respond to requests for information from the client regarding his representation of her and neglecting to keep her

---

[2] "A lawyer shall act with reasonable diligence and promptness in representing a client."

[3] "A lawyer shall: . . . (3) keep the client reasonably informed about the status of the matter; (4) promptly comply with reasonable requests for information[.]"

2

informed of ongoing matters in her case; SCR 3.130-1.16(d)[4] by not giving reasonable notice to the client to allow time to employ other counsel and to surrender paperwork and property to which the client was entitled; and SCR 3.130-8.1(b)[5] by failing to respond to a lawful demand from a disciplinary authority.

The Inquiry Commission sent a copy of the complaint to Respondent by certified mail but the complaint was returned unclaimed. Service was thereafter completed under SCR 3.175(2) by serving the Executive Director of the KBA. No answer was received and again the complaint was mailed to the Respondent; the complaint was again returned as undeliverable. The McCracken County Sheriff later attempted service on Respondent at his home to no avail. Respondent failed to answer the charges, and so the case went to the Board as a default case pursuant to SCR 3.210.

## B. KBA File No. 22322

In December 2011, Melissa Freeman retained Respondent to represent her in a bankruptcy proceeding. Apparently Respondent did not file her case until May 1, 2012. Freeman alleges that the bankruptcy court directed her to meet with a trustee on June 28, 2012 and to provide papers to the court.

---

[4] "(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."

[5] "(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority . . . ."

Freeman was also erroneously told by Respondent that she did not have a court date. Later, Respondent told Freeman that various papers were not filed with the bankruptcy court because his wife had recently given birth and his partner was in the hospital. Respondent told Freeman that he re-filed the bankruptcy petition. In June or August, Respondent's phone was disconnected and his office was closed.

As a result of the above conduct the Inquiry Commission charged Respondent with having violated SCR 3.130-1.3 by failing to diligently represent his client by missing scheduled court appearances; SCR 3.130-1.4(a)(4) by failing to promptly comply with reasonable requests for information; SCR 3.130-1.16(d) by failing to surrender the client file upon termination of the representation; and SCR 3.130-8.1(b) by failing to respond to a lawful demand from a disciplinary authority.

Respondent was sent a copy of the complaint to his bar roster address but it was returned unclaimed. Service was completed under SCR 3.175(2) by serving the Executive Director of the KBA. No answer was received and again the complaint was mailed to the Respondent but was returned undeliverable. The McCracken County Sheriff served Respondent at his home address on April 15, 2014. Respondent failed to answer the charges, and so the case went to the Board as a default case pursuant to SCR 3.210.

4

## II. DISCIPLINE

Neither the KBA's Office of Bar Counsel nor Pridemore have sought review by the Court under SCR 3.370(7),[6] and this Court declines to undertake review pursuant to SCR 3.370(8).[7] Therefore, the Board's recommendation is hereby adopted pursuant to SCR 3.370(9).[8]

ACCORDINGLY, IT IS ORDERED THAT:

1) Respondent, Daniel Edward Pridemore, KBA Number 93508, 3565 Lone Oak Road Suite 3A, Paducah, Kentucky, 42003, is adjudged guilty of the above-described and admitted violations of the Rules of Professional Conduct;

2) Respondent is suspended from the practice of law in Kentucky for one hundred eighty-one (181) days to run consecutive to any other suspension or requirement;

3) Pursuant to SCR 3.390, Respondent shall, if he has not already done so, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel.

---

[6] "Within thirty (30) days after the Board's decision is filed with the Disciplinary Clerk, Bar Counsel or the Respondent may file with the Court a Notice for the Court to review the Board's decision stating reasons for review . . . ."

[7] "If no notice of review is filed by either party, the Court may notify Bar Counsel and Respondent that it will review the decision."

[8] "If no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters."

Furthermore, to the extent possible, Respondent shall immediately cancel and cease any advertising activities in which he is engaged;

4) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $1,087.62, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: December 18, 2014.

_____
CHIEF JUSTICE

6