TO BE PUBLISHED

# Supreme Court of Kentucky

2016-SC-000104-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                              IN SUPREME COURT


DANIEL EDWARD PRIDEMORE                                  RESPONDENT
KBA MEMBER NO. 93508


## OPINION AND ORDER


Respondent, Daniel Edward Pridemore, was admitted to the practice of law in the Commonwealth of Kentucky on April 30, 2010. Respondent's Kentucky Bar Association ("KBA") Member Number is 93508 and his bar roster address is 967 Aspen Way, Paducah, Kentucky 42003. On April 28, 2015, the KBA Inquiry Commission issued a four-count disciplinary Charge against Respondent in KBA File Number 23208. The Charge reached the KBA Board of Governors (the "Board") by default on September 18, 2015. The Board found Respondent guilty of committing all four disciplinary infractions, and recommended a suspension from the practice of law for a period of one (1) year to run consecutively with Respondent's prior suspensions and restrictions. The case now stands submitted to this Court for adoption of the Board's Findings of Fact, Conclusions of Law, and Recommendation.

The underlying facts of this disciplinary action occurred during the course of Respondent's representation of Yamitte Lichtenberg. In 2012, Lichtenberg retained Respondent for the purpose of filing a bankruptcy petition. At this time, Lichtenberg paid Respondent a fee in the amount of $901.00. Respondent, however, neglected to perform any work in furtherance of the petition. Respondent also refused to respond to Lichtenberg's repeated attempts at communication. Lichtenberg eventually discovered that Respondent had closed his office. Respondent did not return the $901.00 unearned fee.

On October 10, 2014, Lichtenberg filed a bar complaint against Respondent in order to recoup the $901.00. Respondent was subsequently served with the bar complaint via personal service on December 10, 2014. Included with the bar complaint was a request for additional information and a warning that failure to respond could result in an additional charge of misconduct. Respondent, however, failed to respond to the bar complaint. As a result, on April 28, 2015, the KBA Inquiry Commission filed a four-count Charge against Respondent alleging the following violations of the Kentucky Rules of Professional Conduct: Count I, Supreme Court Rule ("SCR") 3.130-1.3 (failure to act with reasonable diligence and promptness); Count II, SCR 3.130-1.4(a)(3) and (4) (failure to keep client reasonably informed and failure to comply with reasonable requests for information); Count III, SCR 3.130-1.16(d) (failure to protect client's interest upon termination of representation, including refunding any advanced payment or fee); and Count IV, SCR 3.130-8.1(b)

2

(failure to respond to a lawful demand for information from an admissions or disciplinary authority).

On May 4, 2015, Respondent was served with the Charge via certified mail. Respondent did not file an answer to the Charge and the case proceeded to the Board by default. By a unanimous vote, Respondent was found guilty of committing all four disciplinary infractions. The Board has determined that the appropriate punishment is to suspend Respondent from the practice of law for one year (1) year to run consecutively with any prior suspensions or restrictions. Moreover, the Board recommends that the Court order Respondent to refund the $901.00 fee to Lichtenberg.

Neither Respondent, nor the Office of Bar Counsel has requested that this Court take review of the Board's decision pursuant to SCR 3.370(7). This Court also declines the opportunity to independently review the Board's decision per SCR 3.370(8). The Board's findings are adequately supported by the record and its recommended period of suspension is a suitable punishment. *See Kentucky Bar Ass'n v. Whitlock,* 324 S.W.3d 415 (Ky. 2010) (imposing a one-year suspension on an attorney who collected a fee, failed to perform the work, failed to return the unearned fee, and failed to respond to the KBA's request for additional information); *see also, Kentucky Bar Ass'n v. Burgin,* 469 S.W.3d 832 (Ky. 2015) (holding that an attorney's failure to return unearned fees, failure to keep the client reasonably informed, failure to protect the client's interest upon termination, and failure to respond to a bar

3

complaint, coupled with other disciplinary infractions warranted a one-year suspension).

This Court finds additional support for the Board's imposition of suspension based on Respondent's disciplinary history. On January 23, 2014, Respondent was suspended from the practice of law for failing to pay his bar dues and for non-compliance with the Continuing Legal Education requirements. Subsequently, on April 17, 2014, this Court suspended Respondent for thirty (30) days, probated for two (2) years conditioned upon him completing the Ethics and Professionalism Enhancement Program ("EPEP") and receiving an evaluation from the Kentucky Lawyer Assistance Program ("KYLAP"). *See Kentucky Bar Ass'n v. Pridemore,* 436 S.W.3d 526, 529 (Ky. 2014). Respondent was disciplined for misrepresenting to his clients that he filed an appeal on their behalf, failing to return an unearned fee, and refusing to respond to the KBA's request for additional information. *Id.* 527-28.

In addition, this Court disciplined Respondent for similar misconduct on August 21, 2014, in *Kentucky Bar Ass'n v. Pridemore,* 439 S.W.3d 742 (Ky. 2014). In this case, Respondent collected a $7,000 fee to pursue an appeal of a domestic violence order. *Id.* at 744. Respondent subsequently failed to file a responsive pleading and the appeal was dismissed. *Id.* Respondent misrepresented to his client that the dismissal was due to a technical or clerical error and the appeal would be reinstated. *Id.* Respondent was found guilty of six disciplinary infractions, including making misrepresentations to his client, failing to act with reasonable diligence and promptness, failure to

4

keep his client informed and respond to requests for information, failure to return unearned fees, and failure to respond to the bar complaint. *Id.* The Court suspended Respondent from the practice of law for a period of thirty (30) days to run consecutively with any other current or pending discipline. *Id.* at 745. The Court further ordered that any future reinstatement be contingent upon Respondent's completion of the EPEP, a completed KYLAP evaluation, and the payment of costs. *Id* at 746.

On December 18, 2014, this Court imposed further discipline against Respondent in *Kentucky Bar Ass'n v. Pridemore,* 448 S.W.3d 252 (Ky. 2014). The disciplinary action was composed of two separate bar complaints against Respondent. *Id.* at 253. In KBA file 22293, Respondent failed to appear at court hearings, in addition to filing numerous motions and adversarial filings on behalf of his client. *Id.* at 254. After failing to respond to his client's attempts to communicate and requests for the return of case paperwork, a bar complaint was filed against Respondent. *Id.* In KBA file 22322, Respondent failed to properly pursue a bankruptcy on behalf of his client. *Id.* at 254. In addition, as with the other disciplinary actions, the client made repeated attempts to contact Respondent to no avail. *Id.*

As a result of Respondent's conduct in these two KBA disciplinary files, he was found guilty of committing eight disciplinary infractions, including two counts of the following misconduct: failing to represent his clients with reasonable diligence and promptness; failing to keep his clients reasonably informed about the status of their respective cases and failing to comply with

5

their reasonable requests for information; failing to protect the clients' interests upon termination of representation, including refunding any advanced payment and returning paperwork or property; and failing to respond to lawful demands for information from an admissions or disciplinary authority. *Id.* at 253. The Court imposed a 181-day suspension from the practice of law to run consecutively to any other suspensions or requirements. *Id.* at 255.

Having reviewed the record, analogous case law, and Respondent's disciplinary history, we hereby adopt the Board's Findings of Fact, Conclusions of Law, and Recommendation pursuant SCR 3.370(9).

ACCORDINGLY, IT IS ORDERED THAT:

1. Respondent, Daniel Edward Pridemore, KBA Member Number 93508, is found guilty of violating SCR 3.130-1.3, SCR 3.130-1.4(a)(3) and (4), SCR 3.130-1.16(d), and 3.130-8.1(b);

2. Respondent is suspended from the practice of law in the Commonwealth of Kentucky for a period of one (1) year to run consecutively to any prior suspensions or restrictions;

3. Respondent shall pay restitution to Yamitte Lichtenberg in the amount of $901.00;

4. Respondent may not be reinstated to the practice of law unless he obtains an evaluation from the Kentucky Lawyer Assistance Program ("KYLAP") as required by this Court's previous order of discipline in *Kentucky Bar Ass'n v. Pridemore,* 436 S.W.3d 526, 529 (Ky. 2014).

5. Pursuant to SCR 3.390, Respondent shall notify, in writing, all courts in which he has matters pending of his suspension from the practice of law, and notify all clients, in writing, of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States Mail within ten (10) days of the date of this Opinion and Order. Respondent shall simultaneously provide a copy of all such letters to the KBA Office of Bar Counsel. Furthermore, to the extent possible and necessary, Respondent shall immediately cancel and cease any advertising activities in which he is engaged;

6. Pursuant to SCR 3.450, Respondent is directed to pay all costs associated with this disciplinary proceeding in the amount of $298.51 for which execution may issue from this Court upon finality of this Order.

All sitting. All concur.

ENTERED: June 16, 2016.

_____
CHIEF JUSTICE

7