### Supreme Court of Kentucky
TO BE PUBLISHED  FINAL
2020-SC-000070-KB
DATE 9-1-2020
Karen Cole

KENTUCKY BAR ASSOCIATION                                     MOVANT


V.                          IN SUPREME COURT


GEORGE MICHAEL INGRAM                              RESPONDENT


### OPINION AND ORDER


George Michael Ingram was admitted to the practice of law on October 14, 2005. Ingram's bar roster address is 304 Pine Street, Pineville, KY 40977, and his KBA number is 90899.

Pursuant to Supreme Court Rule ("SCR") 3.210, two disciplinary matters came before the Board of Governors (the Board) of the Kentucky Bar Association (KBA) as default cases. The Board concluded that Ingram was guilty of each of the charges levied against him in those two cases and recommended that he be found so by this Court. Under SCR 3.370(5)(c), each vote must be agreed upon "by 11 or 3/4 of the members of the Board present and voting on the proceedings, whichever is less." No proposed discipline was agreed upon by the requisite number of Board members, and therefore the Board did not make a formal recommendation as to the imposition of

discipline. Having reviewed the record and finding sufficient cause to do so, we accept the Board's recommendation as to Ingram's guilt and suspend him from the practice of law for 30 days with conditions as set forth below.

## I. BACKGROUND

### A. KBA File 18-DIS-0229

On or about May 16, 2018, Kathy Lee Oller retained Ingram to represent her on a misdemeanor charge of Theft by Unlawful Taking Under $500 in Bell County District Court case number 18-M-306. On or about that date, Oller signed a General Retainer and Billing Agreement and paid Ingram a retainer. Although Oller alleges that she paid Ingram $1,500, the receipt for her payment is only for $1,000. As such, we rely on the receipt for our determination that $1,000 was paid as a retainer. Regardless of the amount paid, Ingram performed no legal services for Oller.

Oller attempted on numerous occasions to contact Ingram by calling his personal cell phone, texting him, and calling his office phone, which she discovered had been disconnected. Ingram never responded to Oller and did not refund the advance payment he had received from Oller.

The Complaint in this matter was personally served on Ingram on October 19, 2018 by the sheriff. Along with the Complaint, Ingram was served with a letter advising him that the Inquiry Commission, through the Office of Bar Counsel, needed additional information from him regarding the bar complaint. The letter advised Ingram that his failure to respond to the

2

Complaint could result in additional charges against him. Ingram did not respond to the bar complaint or the request for additional information.

On January 22, 2019, the Commission issued a four-count Charge against Ingram, alleging that he violated: SCR 3.130(1.3), which states that "a lawyer shall act with reasonable diligence and promptness in representing a client"; SCR 3.130(1.4)(a), which states that "a lawyer shall... (3) keep the client reasonably informed about the status of the matter; [and] (4) promptly reply to reasonable requests for information"; SCR 3.130(1.16)(d), which states that "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client...and refunding any advance payment of fee or expense that has not been earned or incurred"; and SCR 3.130(8.1)(b), which states that "a lawyer in connection with a disciplinary matter, shall not...knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority."

The Charge was sent to Ingram's bar roster address by certified mail but was returned to the KBA marked "Return to Sender Vacant Unable to Forward." The KBA sent the Charge to the Bell County Sheriff for personal service; however, the Sheriff was unable to locate Ingram despite multiple attempts. Service of the Charge was completed pursuant to SCR 3.035(2) by serving the KBA Executive Director. Ingram did not file an Answer to the Charge, and the Commission submitted the matter to the Board.

3

## B. KBA File 19-DIS-0009

Shirley Lawson consulted with Ingram about the filing of criminal trespass charges against Ricky Shepherd whom Lawson claimed was illegally living on land that Lawson owned. In January 2017, Lawson swore out a criminal complaint against Shepherd which resulted in Bell County District Court case number 17-M-144. Ingram made several court appearances for Lawson in Bell District Court.

Subsequently, Shepherd filed a civil action against Lawson in Bell County Circuit Court case number 18-CI-55 to quiet title to the disputed property. In February 2018, Lawson retained Ingram to represent him in the quiet title case. He paid Ingram $394 for "filing costs" and to respond on his behalf in that case. Ingram prepared an Answer in the civil case and sent it along with a notice to set the matter for hearing to both Lawson and opposing counsel. However, Ingram did not file the Answer in the court record.

On or about September 24, 2018, a default judgment was entered against Lawson in the civil case. Lawson only learned of the judgment when he received a copy of it in the mail. Lawson attempted to reach Ingram by phone but was unsuccessful. Lawson then had to hire new counsel who was able to have the default judgment set aside and filed an answer in the court record. Ingram did not refund any portion of the advanced payment he received from Lawson.

On August 13, 2019, the Commission issued a three-count Charge against Ingram, alleging that he violated: SCR 3.130(1.3), which states that "a

4

lawyer shall act with reasonable diligence and promptness in representing a client"; SCR 3.130(1.4)(a), which states that "a lawyer shall... (3) keep the client reasonably informed about the status of the matter; [and] (4) promptly reply to reasonable requests for information"; and SCR 3.130(1.16)(d), which states that "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client...and refunding any advance payment of fee or expense that has not been earned or incurred."

The Charge was sent to Ingram's bar roster address by certified mail but was returned to the KBA marked "Return to Sender Unable to Forward." The KBA sent the Charge to the Bell County Sheriff for personal service; however, the Sheriff could not accomplish service and received information that Ingram was living in Harlan County. The KBA had no known address for Ingram in Harlan County. Service of the Charge was completed pursuant to SCR 3.035(2) by serving the KBA Executive Director. Ingram did not file an Answer to the Charge, and the Commission submitted the matter to the Board.

### C. Prior Discipline

On January 18, 2019, Ingram was suspended for non-payment of bar dues for the 2018-2019 fiscal year and Continuing Legal Education ("CLE") non-compliance for the 2017-2018 educational year. He has had no prior orders of unprofessional conduct.

## D. Proceedings by the Board

On November 15, 2019, the Board considered the Charges against Ingram. The members voted unanimously to find Ingram guilty of all counts in both KBA files before them.

As to discipline, the Office of Bar Counsel recommended that Ingram be suspended for thirty (30) days to run concurrently with his current administrative suspension. The Office of Bar Counsel further recommended that Ingram pay restitution of $1,500 to Oller and $394 to Lawson within thirty (30) days of this Court's order; submit proof to the Office of Bar Counsel that he paid the required restitution, also within thirty (30) days of this Court's order; and attend and successfully complete the Ethics and Professionalism Enhancement Program (EPEP) within one year of the Supreme Court's order. Finally, the Office of Bar Counsel recommended that Ingram be assessed the costs of this action.

During deliberations, a member of the Board proposed alternate discipline which consisted of a 61-day suspension to run consecutively with Ingram's current administrative discipline. Under this alternative proposal, like under the Office of Bar Counsel's recommendation, Ingram would be required to pay restitution, submit proof, complete EPEP, and be assessed the costs of this action.

The Board voted 10-7 in favor of the second proposal which included the 61-day suspension. However, because the Board did not have either a total of 11 votes or 3/4 of the present and voting members of the Board in favor of a

6

recommended discipline, as required by SCR 3.370(5)(c), the Board made no formal recommendation as to discipline.

## II. ANALYSIS.

Having reviewed the record, and noting Ingram's failure to respond, we agree with and adopt the Board's findings that Ingram is guilty of all counts in KBA Files 18-DIS-0229 and 19-DIS-0009. Furthermore, we hold that a 30-day suspension, to run consecutively to his suspension for failing to comply with CLE requirements and failing to pay bar dues, is appropriate.

In *Kentucky Bar Association v. Teater*, 585 S.W.3d 759, 762 (Ky. 2019), this Court suspended an attorney from the practice of law for 30 days for failing to provide competent representation, failing to act with reasonable diligence, failing to keep her client reasonably informed, failing to promptly comply with reasonable requests for information, and failing to respond to the bar complaint. This Court ordered that the 30-day suspension run consecutively to Teater's suspension for failure to comply with CLE requirements. *Id.* at 762. Although Teater's case only involved one KBA file, whereas Ingram's involves two, Teater had two prior private admonitions whereas Ingram has had no prior orders of unprofessional conduct. *See id.* at 761.

In *Kentucky Bar Association v. Pridemore*, 439 S.W.3d 742, 745 (Ky. 2014), this Court suspended an attorney for 30 days for failing to act with reasonable diligence, failing to keep his client reasonably informed, failing to promptly comply with requests for information, failing to refund unearned

portions of a fee, failing to respond to the bar complaint, and engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. Pridemore failed to timely file an appellate brief which resulted in his client's appeal of a domestic violence order entered against him being dismissed. *Id.* at 744. Pridemore was then untruthful to his client regarding why the appeal was dismissed. *Id.* Although Pridemore only had one KBA case in front of the Court, he was under another 30-day suspension related to misconduct and an administrative suspension for non-payment of bar dues and failure to comply with CLE requirements. *Id.* at 745. His 30-day suspension was ordered to run consecutively to those other suspensions. *Id.*

Ingram's conduct here merits discipline consistent with *Teater* and *Pridemore.* Therefore, we suspend Ingram for 30 days, to run consecutively to his current administrative suspension. He must pay restitution and submit proof, complete EPEP, and pay the costs associated with this action.

ACCORDINGLY, IT IS ORDERED THAT:

1) George Michael Ingram, KBA Number 90899, is found guilty of violating SCR 3.130(1.3), SCR 3.130(1.4)(a), SCR 3.130(1.16)(d), and SCR 3.130(8.1)(b) as set out in KBA File 18-DIS-0229;

2) Ingram is found guilty of violating SCR 3.130(1.3), SCR 3.130(1.4)(a), and SCR 3.130(1.16)(d) as set out in KBA File 19-DIS-0009;

3) Ingram is suspended from the practice of law for 30 days to run consecutively with his current suspension. That is to say, the 30-day suspension we impose today shall not begin to run until such time as

8

Ingram, upon compliance with the continuing legal education requirements of SCR 3.661 and payment of bar dues, applies for and is granted reinstatement from his previous suspension;

4) Ingram shall make restitution to Kathy Lee Oller in the amount of $1,000 within 30 days of entry of this order;

5) Ingram shall make restitution to Shirley Lawson in the amount of $394 within 30 days of entry of this order;

6) Ingram shall submit proof to the Office of Bar Counsel that he paid the required restitution to Oller and Lawson within 45 days of entry of this order;

7) Ingram shall attend and successfully complete the EPEP program within one year of entry of this order; and

8) Finally, pursuant to SCR 3.450, Ingram is directed to pay the costs of this action, $342.04, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 20, 2020.

_____
CHIEF JUSTICE MINTON

9